IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

S.P.,

    **Plaintiff,**

v.                                           Case No. 4:21-cv-338-AW-MAF

UNITED STATES OF AMERICA, et al.,

    **Defendants.**

_____/

## ORDER OF DISMISSAL

After Plaintiff settled with the United States (ECF No. 27), the court directed her to file a status report as to her claims against the other defendants. ECF No. 30. She has not done so, nor has she responded to the court's order to show cause by July 29 why the case should not be dismissed for failure to prosecute and failure to comply with a court order. ECF No. 31.

Instead, Plaintiff has filed two motions: one for voluntary dismissal (ECF No. 32) and another seeking a hearing and show-cause order directed at the status of Defendant Jimmy Highsmith's pending state-law counterclaim (ECF No. 33).

Notwithstanding Plaintiff's latest motions, the fact remains that she did not comply with the court's order and has—still—not shown cause why the case should not be dismissed for that failure. Dismissal for failure to comply is a drastic remedy, but here it would not harm Plaintiff, who has settled with some parties and seeks dismissal as to the rest. It seems her only concern is the pending counterclaim against

1

her. But that claim would be dismissed, too, because the court lacks jurisdiction over it.[1] Thus, the proper path is to dismiss all claims. Ordinarily it would be without prejudice, but Plaintiff affirmatively requests dismissal *with* prejudice as to her claims. ECF No. 32.

The clerk will enter judgment that says, "Plaintiff's claims are dismissed with prejudice pursuant to some parties' settlement and pursuant to Plaintiff's request. Defendant Highsmith's counterclaim is dismissed without prejudice for lack of jurisdiction." Any party objecting to this result may timely file a postjudgment motion.

The clerk will close the file.

SO ORDERED on August 4, 2022.

                                                 s/ *Allen Winsor*
                                               United States District Judge

---

[1] The counterclaim, filed by the pro se defendant, offers no basis for the court's jurisdiction. The claim does not present a federal question, and there is no indication that there is complete diversity. Moreover, even if the court had jurisdiction over that claim based on § 1367, I would exercise my discretion and dismiss. *Cf. Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").